UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STEVEN WAYNE BUNCH** | : | **CIVIL ACTION NO. 15-cv-1089** |
| BOP #16156-043 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **UNITED STATES** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Steven Wayne Bunch ("Bunch"). Bunch is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

Bunch filed this matter on the form used for seeking habeas relief pursuant to 28 U.S.C. § 2241; however, he unequivocally states that he is not attacking his sentence but is rather requesting the production of documents "to defend himself from the unlawful incarceration he is being subjected to." Doc. 1, pp. 1, 4–5. Bunch has also filed a separate "petition for production of documents" with this court. Doc. 3. He claims entitlement to the documents pursuant to 28 U.S.C. § 2250 which requires the court clerk to provide indigent petitioners free "certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending." Doc. 1, p. 5; doc. 3, p. 1.

We note that, prior to the filings in this court, Bunch filed a motion for production of documents in the sentencing court, which motion was denied on January 27, 2015. *United States v. Steven Wayne Bunch*, No. 6:11-cr-55 (WDTX May 18, 2015), docs. 27 & 28. In denying the request the court stated that it found it "[lacked] merit and should be denied. Defendant has shown no particularized need for the requested information and apparently wants to engage in a 'fishing expedition.'" *Id.* at doc. 28.

## II.
### LAW AND ANALYSIS

A petitioner is entitled to free documents when he has been granted permission to proceed in forma pauperis **and** has an application for habeas relief pending in the district court. 28 U.S.C. § 2250. The two requests for production of documents filed by Bunch [docs. 1 & 3] are, by his own admission, not tied with any habeas claim currently before the court. Bunch's habeas petition is one in name only; the substance of same is, as he makes clear, a motion for production of documents. Accordingly, § 2250 is inapplicable.

Even if Bunch had a viable application for habeas corpus pending before this court, the decision of whether to grant a request for the production of documents under § 2250 rests within the sound discretion of the district court. *United States v. Marzon*, 2005 WL 1155773 at *1 (E.D. La. 2005) (citing *Chessman v. Teets*, 239 F.2d 205, 214 (9th Cir. 1956), *vacated on other grounds*, 354 U.S. 156 (1957)). The petitioner must make a showing of both need and relevance. *Marzon*, 2005 WL 1155773 at *1. At this juncture in the instant proceeding, Bunch has not, and cannot, make the requisite showing.

Further, "[a] federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error." *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1979). The sentencing court denied Bunch's prior motion for production

as a "fishing expedition" and this court finds that the production request in the current matter is no different.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE.**

**IT IS ALSO RECOMMENDED** that the motion for production of documents [doc. 3] be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 30th day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE